UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                    )
IN RE YASMIN AND YAZ (DROSPIRENONE))    3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND      )
PRODUCTS LIABILITY LITIGATION       )           MDL No. 2100
_____    )
                                                    ORDER

**This Document Relates to:**

**Sisemore v. Bayer Corp., et al. No. 3:09-cv-10096-DRH-PMF**

**Dunnagan v. Bayer Corp., et al. No. 3:10-cv-20029-DRH-PMF**

**Hensley v. Bayer Corp., et al. No. 3:10-cv-20251-DRH-PMF**

_____

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motions, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[1]  Bayer contends that the Plaintiffs in the above-captioned

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

matters have not served substantially complete PFSs and are therefore delinquent pursuant to CMO 12.

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion to file a response either certifying that they served upon Defendants and Defendants received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

With regard to the motion to dismiss filed in *Hensley v. Bayer Corp., et al.* No. 3:10-cv-20251 (Doc. 14), Bayer has withdrawn its motion to dismiss stating that Plaintiff has complied with her PFS requirements (Doc. 15). Accordingly, the motion to dismiss is hereby **DENIED** as **MOOT**.

With regard to the motions to dismiss filed in *Sisemore v. Bayer Corp., et al.* No. 3:09-cv-10096 (Doc. 31) and *Dunnagan v. Bayer Corp., et al.* No. 3:10-cv-20029 (Doc. 16), the Plaintiffs have failed to file any response. Because Plaintiffs Sisemore and Dunnagan have failed to respond, in any way, to Bayer's allegations that the submitted PFSs are not substantially complete, the Court finds that Plaintiffs Sisemore and Dunnagan have failed to comply with the requirements of CMO 12 and therefore Bayers motions to dismiss are **GRANTED**.

Accordingly, the Court hereby **Orders** as follows:

**1.** The motion to dismiss filed in *Hensley v. Bayer Corp., et al.* No. 3:10-cv-20251 (Doc. 14) is **DENIED** as **MOOT**.

**2.** The motions to dismiss in *Sisemore v. Bayer Corp., et al.* No. 3:09-cv-10096 (Doc. 31) and *Dunnagan v. Bayer Corp., et al.* No. 3:10-cv-20029 (Doc. 16) are **GRANTED**: *Sisemore v. Bayer Corp., et al.* No. 3:09-cv-10096 and *Dunnagan v. Bayer Corp., et al.* No. 3:10-cv-20029 are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a completed PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

SO ORDERED

David R. Herndon
2010.11.29
15:13:01 -06'00'

**Chief Judge**                                                                                         Date:  November 29, 2010
**United States District Court**